**UNITED STATES of America**

v.

**Martin SCHWIMMER, Defendant.**

**No. 87 CR 423.**

United States District Court,
E.D. New York.

Feb. 14, 1989.

---

Andrew J. Maloney, U.S. Atty., E.D.N.Y. and Edward A. McDonald, Atty–in–Charge, Organized Crime Strike Force, E.D.N.Y. (Bruce Maffeo, Alan Friedman, Sp. Attys., of counsel), for U.S.

Robert S. Fink (Kostelantz, Ritholz, Tigue & Fink, Kathryn Keneally, of counsel), New York City, for defendant Schwimmer.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

Defendant Martin Schwimmer moves this Court for a judgment of acquittal pursuant to Fed.R.Crim.P. 29(c) on two grounds.

■ In the first ground, which concerns *only* Counts 32 to 77, defendant contends that the government failed to prove beyond a reasonable doubt that defendant was an agent to or counsel of Local 810's employee pension plans or that defendant was a person who provided *benefit plan services* to 810's pension plans. Defendant argues that the evidence demonstrates that defendant merely acted as a "salesperson" who brought a product (in this case, certificates of deposit ("CDs")) to Local 810. The Court has heard and rejected this argument on two previous occasions—during the Rule 29 motion at the close of the government's case and during defendant's objections to the jury charge.

Nevertheless, once again, to decide this Rule 29 motion the Court must look at all of the evidence to determine if it was sufficient to support the jury's verdict. Because the motion is made after verdict, however, the Court must now view the evidence and the inferences therefrom in a light most favorable to the government.

Contrary to the defendant's contentions, the Court's review of the record indicates that three witnesses—not just one—testified to the defendant's relationship to the Local 810 pension plans. Mario Renda and Joseph DeCarlo each testified that Schwimmer represented himself as a financial advisor to Local 810. In addition, their testi-

**8**

mony indicated that Schwimmer advised them as to when Local 810 pension plan funds would be available for investment and the rate of interest and term of the investment.

The third witness, Steven Gilman, comptroller of Local 810, despite stating that Schwimmer was not an agent of or counsel to Local 810, testified that between 1981 and 1986 Schwimmer regularly advised Dennis Silverman, Local 810's president, on the current market availability of investments in certificates of deposit (Transcript of Trial ("Tr") 1490). Gilman testified that Schwimmer regularly was asked to solve problems that arose with the plan's CD investments (Tr. 1555–62). Gilman further testified that it was Schwimmer's responsibility to secure the best rates of return on CD investments (Tr. 1595). Finally, Gilman testified that although no inquiry was made into Schwimmer's selection of banks or means of compensation for the investments, Local 810 pension plans increased their investments in CDs to $75 million, more than half of the pension plan's combined portfolios from 1981 to 1986.

There is, additionally, a consensual recording of a telephone conversation between Schwimmer and Dennis Silverman. In that conversation, Schwimmer is actually heard discussing several competing investment proposals and then advising Silverman on which investment would be in Local 810's best interest.

The Court finds, based on this evidence, that there was more than enough evidence for the jury to conclude or infer, beyond a reasonable doubt, that Schwimmer was within the scope of 18 U.S.C. § 1954.

The legislative history makes it clear that § 1954 applies to, among others, investment brokers who provide services to an employee benefit plan. See S.Rep. No. 908, 87th Cong. 1st Sess. 11 (1961). Schwimmer, by advising Local 810 on its investment decisions and then locating the bank where the investments would be made, plainly acted as an investment broker to Local 810's pension plans and, therefore, falls within § 1954's "benefit services" category.

Moreover, the statute itself has been construed to reach all persons with the capacity to influence, directly or indirectly, the use of employee benefit plan funds. See U.S. v. Robilotto, 828 F.2d 940, 946 (2d Cir.1987); U.S. v. Friedland, 660 F.2d 919, 925 (3rd Cir.1981). Once again the evidence adduced at trial—Gilman's testimony and the recorded telephone conversation—clearly demonstrates that Schwimmer was capable of influencing decisions concerning the investment of CD's for Local 810.

*Bona Fide Compensation*

The second ground asserted by the defendant in support of his motion for judgment of acquittal is that the government failed to prove beyond a reasonable doubt that the fees paid to Schwimmer were not bona fide. In this connection, defendant asserts that the Court's instructions to the jury regarding whether the fees paid Schwimmer were bona fide was erroneous.

The Court's instruction, in response to a question by the jury, was that in order for the trustees of an employee benefit plan to determine whether compensation is bona fide within the meaning of § 1954, the trustees must be given full disclosure of the details of such disclosure. The basis for this instruction was detailed in a Memorandum and Order dated November 10, 1988. The Court has reviewed, and now reaffirms, that holding and charge to the jury.

In addition, notwithstanding the defendant's contention, the Court finds that the charge to the jury did not shift the burden of proof to the defendant. The Court, after charging the jury on bona fide compensation, left no doubt that the burden of proof remained with the government on this element by following its response to the jury's question with the following admonition: "(W)hether or not there was disclosure to an appropriate official is one of the questions of fact which you, the jury will have to decide. Of course, the burden rests upon the government to satisfy you beyond a reasonable doubt that there was no fair disclosure." (Tr. at 2513).

Finally, based on the testimony of Gilman who stated that Local 810 was unaware of Schwimmer's compensation, the Court finds that there was sufficient evidence in the record to support the jury's verdict that the fees paid to defendant were not bona fide.

SO ORDERED.